UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORY NOLE OSWALD,

     Plaintiff,

v.                                                                      Case No. 3:26cv447-MW-HTC

CHIP SIMMONS, et al.,

     Defendants.

_____/

REPORT AND RECOMMENDATION

On February 27, 2026, Plaintiff Cory Nole Oswald, a detainee proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging constitutional claims against three (3) Defendants at the Escambia County Sheriff's Office. Doc. 5. After reviewing the amended complaint, the undersigned finds it should be dismissed because Oswald failed to truthfully disclose his litigation history.[1]

---

[1] The undersigned also notes that the amended complaint is improper because it does not amend the allegations in the original complaint. Instead, it is an entirely new action and should have been filed as a new action, with a separate filing fee. Thus, even if Oswald did not have a disclosure issue, the amended complaint would nonetheless be subject to dismissal. *See Dees v. Powell*, 2025 WL 3852935, at *2 (N.D. Fla. Dec. 3, 2025). To allow a *pro se* prisoner to assert brand new claims against brand new defendants "under the guise of an 'amended complaint'" would "undermine the purpose" of the Prison Litigation Reform Act, as it would allow the plaintiff to avoid paying a separate filing fee. *See id.*

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII.B of the form required Oswald to disclose "other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issues involved in this case." Doc. 5 at 10 (emphasis in original). Section VIII.C of the form required Oswald to disclose his prior litigation history pertaining to "any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging [his] conviction or relating to the conditions of [his] confinement." *Id.* (emphasis in original). The complaint form warns plaintiffs that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" Doc. 5 at 8 (emphasis in original). Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Despite signing the amended complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 5 at 13), Oswald did not truthfully disclose his litigation history. Oswald disclosed one case under Section VIII.B and two cases under Section VIII.C. However, based on an independent investigation, the undersigned takes judicial notice that Oswald failed to include *at least* the following three (3)

cases filed in the Northern District of Florida challenging the conditions of his confinement:

(1) Case No. 3:26-cv-315-AW/ZCB (filed January 20);
(2) Case No. 3:26-cv-326-AW/ZCB (filed January 20); and
(3) Case No. 3:26-cv-584-MW/HTC (filed January 28).

Each of these cases was filed prior to the amended complaint and should have been disclosed under Section VIII.C.

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Oswald's failure to truthfully disclose his litigation history is to dismiss this case without prejudice. *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed

under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at \*2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Oswald's failure to truthfully disclose his litigation history.

2. The clerk close the file.

At Pensacola, Florida, this 9th day of March, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:26cv447-MW-HTC